MELCHIOR, ARMSTRONG & DESSAU, INC., DEMANDANTES Y APELADOS, *v.* M. DEFENDINI & CÍA. ET AL., DEMANDADOS Y APELANTES

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 2315.—Resuelto en julio 12, 1921.

CUENTA CORRIENTE—SENTENCIA EN REBELDÍA REGISTRADA POR EL SECRETARIO.— En una acción entablada para obtener el importe de una cuenta corriente el secretario de la corte puede registrar sentencia en su oportunidad contra el demandado rebelde; y el hecho de no alegarse en la demanda la aceptación por parte de los demandados en cuanto al saldo adeudado, no quita a la acción su carácter de reclamación que nace de un contrato sobre pago de dinero.

ID.—DESESTIMACIÓN DE APELACIÓN—APERTURA DE REBELDÍA—TÉRMINO PARA APELAR DE RESOLUCIONES NEGANDO APERTURA DE REBELDÍA.—Procede desestimar la apelación de una resolución negando apertura de rebeldía cuando tal apelación se ha entablado después de los 10 días que concede el No. 3 del artículo 295 del Código de Enjuiciamiento Civil para recurrir contra resoluciones dictadas después de sentencia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. J. Aponte* y *L. Tormes.*

Abogados de los apelados: *Sres. J.* y *A. S. Poventud.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Melchior, Armstrong & Dessau, Inc., demandaron en la Corte de Distrito de Ponce a M. Defendini & Cía. y a Mateo Defendini individualmente alegando que la demandada es una sociedad mercantil colectiva que actualmente carece dé bienes, siendo gestor y administrador Mateo Defendini; que M. Defendini & Cía. y su gestor Mateo Defendini son en deber a la demandante la suma de $2,538.67 por saldo hasta enero 1 de 1920 de una cuenta de efectivo y efectos suministrados a la sociedad demandada, para su beneficio, y a petición de la misma demandada y su gestor referido, entre noviembre 1°. de 1920 y enero 1°. de 1920, en cuenta corriente con la demandante cuya cuenta ha sido rendida y pasada a dichos demandados en várias ocasiones antes de la fecha de la demanda sin que haya objetado o puesto reparo a la misma, adeudándole además los intereses legales sobre dicha suma desde la demanda hasta su pago y que la mencionada cantidad de $2,538.67 no le ha sido satisfecha en todo ni en parte por persona alguna. La demanda concluye con la súplica de que se condene a la mercantil M. Defendini & Cía. y a su gestor Mateo Defendini solidariamente a pagar los $2,538.67 con sus intereses legales desde la interposición de la demanda y las costas.

Esa demanda fué presentada en la corte el 15 de mayo de 1920 siendo el mismo día citado en Ponce, Mateo Defendini por sí y por la sociedad M. Defendini & Cía. y el 29 de mayo a instancia de la demandante el secretario anotó la rebeldía de los demandados por no haber comparecido en el pleito y contestado la demanda y el mismo día registró sentencia en rebeldía contra M. Defendini & Cía. y contra Mateo Defendini personalmente condenándoles solidariamente a pa-

gar la cantidad reclamada y sus intereses legales desde la demanda.

En moción de primero de junio los demandados pidieron a la corte que dejara sin efecto la rebeldía anotada contra ellos por causa de equivocación e inadvertencia por haber creído que tenían veinte días para contestar por ser vecinos de Guayama, moción que negó la corte por su resolución de 30 de junio de 1920, que el mismo día fué notificada a las partes, y entonces los demandados interpusieron recurso de apelación contra la sentencia y también contra la resolución que negó dejar sin efecto la anotación de rebeldía, apelación la última que se presentó en la secretaría de la corte el 19 de julio.

En cuanto a la apelación contra la sentencia alegan los apelantes como error que la sentencia dictada y registrada por el secretario de la corte es nula y sin ningún valor ni efecto legal por haber sido dictada con manifiesta infracción de lo dispuesto en el inciso 2 del artículo 194 del Código de Enjuiciamiento Civil.

En los dos primeros apartados del artículo citado se dispone que si el demandado dejare de contestar a la demanda podrá dictarse sentencia: 1°. por el secretario en pleitos que nazcan de contrato sobre pago de dinero o para obtener perjuicios solamente; 2°., por la corte en otros pleitos.

En el caso presente el secretario fué quien registró la sentencia contra los demandados y el motivo que alegan los apelantes para sostener que es a la corte a quien corresponde dictar la sentencia y que por haberla registrado el secretario se infringió el inciso segundo de ese artículo es que no se trata de un pleito que nazca de un contrato sobre cobro de dinero o para obtener perjuicios solamente sino de una cuenta corriente que no ha sido aceptada ni impugnada por los demandados, por lo que entienden que después de anotada su rebeldía debieron los demandantes solicitar de la corte que les concediera lo pedido en la demanda.

De la demanda aparece que la cantidad que como saldo se reclama procede de dinero y efectos suministrados por los demandantes a los demandados que implica el contrato de devolverlos y pagarlos por lo que el pleito está comprendido entre los que el secretario puede registrar sentencia contra los demandados rebeldes sin que el hecho de que no se alegue la aceptación del saldo por los demandados le quite su carácter de reclamarse dinero proveniente de contrato, por lo que no ha sido infringido el No. 2 del artículo 194 citado.

El tercer error que se alega se refiere también a la sentencia y se funda en que es incongruente con la demanda porque en ésta se expone que la cuenta corriente comprende desde el 1°. de noviembre de 1920 a 1°. de enero de 1920 y en la citación se hizo constar que es de noviembre de 1912 a 1°. de enero de 1920.

Es cierto que en la demanda presentada el 15 de mayo de 1920 se comete el visible error de decir que la cuenta corriente abarca del 1°. de noviembre de 1920 a 1°. de enero de 1920, pero la sentencia nada dice sobre este particular por lo que no resulta incongruente con la demanda. La incongruencia sería con el emplazamiento en el que se expresa que la cuenta empezó en noviembre de 1912 pero esto no afecta a lo substancial de la reclamación.

Los errores segundo y cuarto que se alegan por los apelantes se refieren a su apelación contra la resolución que negó la apertura de la rebeldía, pero no los consideraremos porque tenemos que desestimar esa apelación por haber sido interpuesta después de los diez días que concede el No. 3 del artículo 295 del Código de Enjuiciamiento Civil para recurrir contra resoluciones dictadas después de sentencia, accediendo así a la petición de desestimación que basada en ese motivo hacen los apelados en su alegato escrito. *Rivera* v. *Martínez,* 27 D. P. R. 475.

Por lo expuesto debemos confirmar la sentencia apelada

y desestimar la apelación contra la resolución de 30 de junio de 1920.

> *Confirmada la sentencia apelada y desestimada la apelación interpuesta contra la resolución de junio 30, 1920.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.