MANUEL PASCUAL, demandante y apelado, *v.* ALEJANDRO LAMOUR RIVERA, demandado y apelante.

Núm. 7737.—*Sometido:* Enero 16, 1939. *Resuelto:* Enero 24, 1939.

*Alejandro Lamour Rivera, pro se* y *Diego O. Marrero,* abogado del apelante; *A. Rivas,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Las apelaciones interpuestas en este caso lo fueron en un mismo escrito, en marzo 4, 1938, contra una sentencia dictada en rebeldía y una resolución negando la apertura de la rebeldía.

El primer documento que se presentó en esta corte fué un escrito de abril 4, 1938, pidiendo un nuevo término para radicar la transcripción, acompañado de copia del escrito de apelación. Se proveyó de conformidad.

Vencido el nuevo término, se solicitó en mayo 2 y se concedió en mayo 4 una prórroga a vencer en junio 2. En junio 1 volvió a solicitarse otra prórroga que se concedió en junio 3 hasta julio 2. En julio 1, se repitió la petición de prórroga y fué concedida hasta agosto primero advirtiéndose al apelante que no se accedería a nuevas solicitudes a no ser que concurrieran circunstancias realmente meritorias.

En agosto 1, 1938, se archivó finalmente la transcripción que consta de diez páginas. De ella aparece que la sentencia en rebeldía apelada se dictó en noviembre 2, 1937, y se notificó en noviembre 12, y que la moción sobre apertura de rebeldía tiene fecha diciembre 11, 1937, y fué resuelta declarándola sin lugar en febrero 3, 1938, notificándose la resolución a las partes el 4 del propio mes de febrero de 1938.

Una vez archivada la transcripción comenzó la solicitud de prórrogas para la presentación de alegato. En agosto 12, se concedió la primera, en septiembre 10, la segunda, en octubre 8, la tercera, en noviembre 9, la cuarta con la advertencia de que sólo se accedería a nuevas peticiones bajo circunstancias realmente meritorias.

Volvió a solicitarse otra prórroga en diciembre 8 y se ordenó su notificación a la parte contraria y ésta en diciembre 13, presentó una moción solicitando la desestimación del recurso por haberse interpuesto fuera de término y haberlo sido, además, con el único fin de dilatar la ejecución de la sentencia, habiéndose incurrido en negligencia en su tramitación.

El apelante se opuso a la desestimación y archivó su alegato, constante de ocho páginas, finalmente el 3 de enero actual. Trece días después ambas partes fueron oídas en corte abierta sobre sus respectivas pretensiones.

Basta la mera exposición que dejamos hecha para concluir que el apelante fué negligente en la tramitación del recurso. Apeló en marzo 4, 1938, y no fué hasta cerca de cinco meses después que archivó la transcripción y archivada ésta comenzó de nuevo a solicitar prórrogas para presentar

su alegato lo que no hizo hasta cinco meses después y ello bajo la presión de una moción de desestimación.

Examinado dicho documento, en modo alguno justifica el tiempo tomado para su presentación no sólo por su brevedad si que especialmente por la ausencia de cuestiones de difícil estudio o exposición. La conclusión de que el apelante interpuso su recurso a los fines de dilatar la ejecución de la sentencia, es inescapable.

█ Pero hay más. Existe una cuestión de jurisdicción levantada que impide a este tribunal penetrar en los méritos de la apelación interpuesta contra la resolución de apertura de rebeldía. Dicha resolución se dictó como sabemos el 3 de febrero de 1938 y se notificó el día siguiente, no siendo hasta marzo 4, 1938, que se interpuso el recurso. Y este tribunal, en el caso de *Melchior, Armstrong & Dessau, Inc. v. M. Defendini & Cía. et al.*, 29 D.P.R. 763, resolvió:

"Procede desestimar la apelación de una resolución negando apertura de rebeldía cuando tal apelación se ha entablado después de los 10 días que concede el núm. 3 del artículo 295 del Código de Enjuiciamiento Civil para recurrir contra resoluciones dictadas después de sentencia."

Nada se dice a este respecto en cuanto a la apelación de la sentencia, pero surge claro de los autos que habiéndose notificado la sentencia en noviembre 12, 1937, y no habiéndose interpuesto la apelación hasta marzo 4, 1938, lo fué también fuera de término.

*Bajo cualquier aspecto, pues, que el caso se considere, procede y debe decretarse la desestimación solicitada.*

El Juez Asociado Sr. De Jesús no intervino.